IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 20-MJ-3223-KAR |
| v. ) | |
| ) | |
| MICHAEL GEOFFROY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OF LAW REGARDNG 18 U.S.C. § 2251(a)

The United States of America, by and through its attorneys, submits the following memorandum of law regarding the scope of 18 U.S.C. § 2251(a).

During the detention hearing on December 21, 2020, counsel for the defendant argued that probable cause was suspect with respect to the lead charge, Sexual Exploitation of a Child, 18 U.S.C. § 2251(a), because the alleged child pornography did not involve the child's active participation. In making this argument, counsel for the defendant reprised the precise argument rejected by this Court in *United States v. Jonathan Monson*, 18-cr-30015-MGM.

In *Monson*, the defendant argued that the jury instruction for 18 U.S.C. § 2251(a) should require the government to prove the following:

> . . . the defendant knowingly employed, used, persuaded, induced and enticed *the minor* to take part in sexually explicit conduct

Def's Proposed Instruction No. 18, Dkt No. 112 at 22 (emphasis in the original).

In *Monson*, the government proposed instruction gave guidance to the jury where the minor's genitalia are not displayed in a lascivious manner, but the defendant's genitalia are so exposed and the defendant includes the unconscious child in the pornographic image or video:

> A minor is "used" to engage in sexually explicit conduct if she was photographed or videotaped to create pornographic images. Images of children acting innocently can be considered lascivious if they are intended to be sexual.

Dkt. No. 105 at 34.  The government's proposed instruction thus would have allowed the jury to convict the defendant if he had masturbated on or in the vicinity of a sleeping child.  If the jury is required to find that the child must "take part in sexually explicit conduct," that would preclude a conviction in the case of a sleeping child.

This Court, faced with these arguments, sided with the government:

Judge Mark G. Mastroianni: ELECTRONIC ORDER entered. The court has reviewed the jury instructions submitted by the parties with respect to the governments concern discussed during the hearing held on 6/19/2020. The court agrees with the government that 121 the revised instruction offered by Plaintiff on 4/25/2020 is insufficient. At this time, the court, therefore, anticipates giving an instruction on what it means for a minor to be used to engage in sexually explicit conduct that is the same or substantially similar to the instruction proposed by the government on page 34 of 105 the governments proposed jury instructions. as to Jonathan Monson. (Lindsay, Maurice) (Entered: 06/25/2020)

*United States v. Jonathan Monson*, 18-cr-30015-MGM, Dkt. No. 142.

The soundness of this decision is easy to grasp.  After all, it is a question of what Congress intended to prohibit, and the clear aim of the statute is to protect children.  "It would be absurd to suppose that Congress intended the statute to protect children actively involved in sexually explicit conduct, but not protect children who are passively involved in sexually explicit conduct while sleeping, when they are considerably more vulnerable." *United States v. Finley*, 726 F.3d 483, 494-95 (3d Cir. 2013) (the verbs in § 2251 indicate that active involvement on the part of a minor is not essential . . .); s*ee also United States v. Lohse*, 797 F.3d 515, 521-23 (8th Cir. 2015) (holding that a reasonable jury could find that images in which a the defendant put his penis near the face of a clothed, sleeping child depicted lascivious exhibition of the genitals, based on the intent to elicit a sexual response in the viewer and the portrayal of the minor as a sexual object).

The defendant cited *United States v. Matthew Howard*, 968 F.3d 717 (7th Cir. 2020), which

2

does support his cramped reading of 18 U.S.C. § 2251(a).  *Howard*, however, is an outlier,[1] and more importantly, it is poorly reasoned.  While the *Howard* court pilloried the government's supposedly overbroad reading of 18 U.S.C. § 2251(a), nowhere did it attempt to respond to *Finley*'s point about protecting sleeping, defenseless children.  Under *Howard*'s reading—and Mr. Geoffroy's—an adult male could go so far as to expose his penis, masturbate, literally ejaculate on a sleeping child's face, take a picture of the abuse, and circulate the image around the world without repercussions.  To think that Congress intended for that conduct not to be included within 18 U.S.C. § 2251(a) beggars belief.

The sophistic logic advanced by *Howard* diverges so dramatically from Congressional intent that it ignores the plain language of the statute.  "Sexually explicit conduct" can be actual or simulated.  18 U.S.C. § 2256(2)(A).  It includes "masturbation" and the "lascivious exhibition of the genitals of *any* person."  18 U.S.C. § 2256(2)(A)(v) (emphasis supplied).  The defendant is "any person," and lasciviousness is judged not from the sexual intent of the child, but from the standpoint of the producer or intended audience.  *See United States v. Wolf,* 890 F.2d 241, 246 (10th Cir.1989) (the required lasciviousness is not a characteristic of the child, but of the exhibition set up by the photographer for an audience that consisted of himself or like-minded people); *United States v. Wiegand*, 812 F.2d 1239, 1244 (9th Cir. 1987) (same); *United States v. Larkin*, 629 F.3d 177, 184 (3d Cir. 2010) (same); *United States v. Horn*, 187 F.3d 781, 790 (8th Cir.1999) (The 'lascivious exhibition' is not the work of the child, . . . but of the producer or editor of the video."); *United States v. Johnson*, 639 F.3d 433, 440-41(8th Cir. 2011) (videos of minors weighing themselves in an examination room constituted lascivious exhibitions even though the victims did

---

[1] See, e.g., two attached opinions from the Northern District of New York following *Finley* and *Lohse.*

not act in a sexual manner); *United States v. Holmes*, 814 F.3d 1246, 1252 (11th Cir. 2016) ("otherwise innocent conduct may in fact constitute 'lascivious exhibition' . . . based on the actions of the" photographer).

Despite the defendant's attempt to argue otherwise, the conduct alleged in the affidavit in support of the complaint falls squarely within the scope of 18 U.S.C. § 2251(a).

                              ANDREW E. LELLING
                              UNITED STATES ATTORNEY

                    By:    /s/ Alex J. Grant
                              Alex J. Grant
                              Assistant U.S. Attorney

Dated:  December 21, 2020

## CERTIFICATE OF SERVICE

Hampden, ss.                                    Springfield, Massachusetts
                                                      December 21, 2020

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                              /s/ Alex J. Grant
                              ALEX J. GRANT
                              Assistant United States Attorney