**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

    vs.                                                                **1:19-CR-320**
                                                                               (MAD)

**BLAKE SPEARS,**

                                         **Defendant.**

_____

**APPEARANCES:**                                  **OF COUNSEL:**

**OFFICE OF THE UNITED**                **MICHAEL S. BARNETT, AUSA**
**STATES ATTORNEY**                        **EMILY C. POWERS, AUSA**
445 Broadway, Room 218
Albany, New York 12207
Attorneys for the United States

**OFFICE OF THE FEDERAL**              **MICHAEL P. MCGEOWN-WALKER,**
**PUBLIC DEFENDER**                        **AFPD**
39 North Pearl Street, 5th Floor
Albany, New York 12207
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

    On February 16, 2019, Defendant Blake Spears was charged in a criminal complaint with distribution and possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(a)(5)(B). *See* Dkt. No. 1. On August 29, 2019, a grand jury returned a four-count indictment against Defendant, charging sexual exploitation of a child in violation of Title 18, United States Code, Sections 2251(a) and (e), distribution of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and (b)(1), and

two counts of possession of child pornography in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2). *See* Dkt. No. 13.

Currently before the Court is Defendant's motion to dismiss Count 1 of the indictment. *See* Dkt. No. 31.

## II. BACKGROUND

According to the Government, on or about December 1, 2018, Defendant employed, used, persuaded, induced, enticed, and coerced a minor, V-1, a child born in 2008, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using material that had been mailed, shipped and transported in and affecting interstate and foreign commerce. *See* Dkt. No. 34 at 3. Specifically, a portable USB drive was found in Defendant's residence, and contained the two recordings at issue, each of which are less than fifteen seconds in length. *See id.*

The first video is described by the Government as follows:

> A video, denoted by a designation of 2c0d0d99-109e-45a5-a331-dbbf668d3052 shown in the lower left of the video, is a recording of a child sleeping in bed, at nighttime. The child is under a white comforter with only his/her face exposed. His/her face is the focal point of the video. The camera then moves down and the defendant's penis is in view. The defendant is standing right next to the bed and is masturbating his penis while standing over the child. At no time, in the video, does the defendant make contact with the child.

Dkt. No. 34 at 2. The second video is described by the Government as follows:

> A video, denoted by a designation of 2e0aa601-1e03-455a-82f7-ca39b29bc77f shown in the lower left of the video, is another recording of the same child who was depicted in the previously described video. He/she is under a white comforter with only his/her face exposed, sleeping, at nighttime. His/her face is the focal point of the video; the child squints their eyes in this video. The camera then moves down and the defendant's penis is in view

> along with the child's face. The defendant is masturbating his penis while standing over the child. At no time, in the video, does the defendant make contact with the child.

*Id.* at 2–3.[1]

Defendant was indicted on August 29, 2019, and charged with sexual exploitation of a child in violation of 18 U.S.C. §§ 2251(a) and (e), distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and (b)(1), and possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2). *See* Dkt. No. 13.

### III. DISCUSSION

Defendant focuses his arguments on Count 1, which charges:

> On or about December 1, 2018, in Albany County in the Northern District of New York, the defendant, BLAKE SPEARS, did employ, use, persuade, induce, entice and coerce a minor, that is V-1, a child born in 2008 whose identity is known to the grand jury, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, where the visual depictions were produced using material that had been mailed, shipped and transported in and affecting interstate and foreign commerce by any means, in violation of Title 18, United States Code, Section 2251(a) and (e).

Dkt. No. 13 at 1.

Count 1 contains the elements of a Section 2251(a) sexual exploitation offense in that it alleges that Defendant used a minor (V-1) to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct where the visual depictions were produced using materials that had been transported in interstate commerce. Section 2251(a) states, in part:

> Any person who . . . uses . . . any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual

---

[1] The Court reviewed both video recordings at issue, which were submitted as Exhibit 2 to the Government's response in opposition to Defendant's motion to dismiss Count 1 of the indictment. *See* Dkt. No. 34.

3

>depiction of such conduct . . . shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

18 U.S.C. § 2251(a). Defendant moves to dismiss Count 1 of the indictment because: (1) the video evidence relied upon by the Government does not depict sexually explicit conduct; and (2) the minor was not used to engage in sexually explicit conduct. *See* Dkt. No. 31-1. The Court will address both arguments below.

**A.      Whether There Was a Depiction of "Sexually Explicit Conduct"**

Defendant argues that there was no sexually explicit conduct in the video recordings at issue because none of the factors enumerated in *United States v. Dost* are present. *See* Dkt. No. 31-1 at 3. The *Dost* court devised six guiding factors to aid the trier of fact in determining "whether a visual depiction of a minor constitutes lascivious exhibition of the genitals or pubic area." *United States v. Dost*, 636 F. Supp. 828, 832 (S.D. Cal. 1986), *aff'd sub nom. United States v. Wiegand*, 812 F.2d 1239 (9th Cir. 1987). These factors ask the trier of fact to consider:

>1) whether the focal point of the visual depiction is on the child's genitalia or pubic area;
>
>2) whether the setting of the visual depiction is sexually suggestive, i.e., in a place or pose generally associated with sexual activity;
>
>3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child;
>
>4) whether the child is fully or partially clothed, or nude;

> 5) whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity;
>
> 6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.

*Id.* "The *Dost* court explicitly noted that other factors may be relevant depending on the particular case, and that 'a visual depiction need not involve all of these factors to be "lascivious exhibition of the genitals or pubic area." The determination will have to be made based on the overall content of the visual depiction, taking into account the age of the minor.'" *United States v. Goodale*, 831 F. Supp. 2d 804, 809 (D. Vt. 2011) (quoting *Dost*, 636 F. Supp. at 832).

The *Dost* factors are not binding in the Second Circuit. "The factors 'are not mandatory, formulaic or exclusive,' and this Circuit has acknowledged other courts' criticisms that the factors 'sweep too narrowly' and thus 'might prove too generous to defendants.'" *Goodale*, 831 F. Supp. 2d at 809 (quoting *United States v. Rivera*, 546 F.3d 245, 250–53 (2d Cir. 2008)). Indeed, the Circuit "cautions against mechanical application of the *Dost* factors to every case." *Id.* (citing *Rivera*, 546 F.3d at 252–53 (explaining that the *Dost* factors do not purport to be definitional and that other factors may be relevant depending on the particular case)). "Nonetheless, 'the *Dost* factors impose useful discipline on the jury's deliberations. They may do so imperfectly, but they have not been much improved on.'" *Id.* (quoting *Rivera*, 546 F.3d at 253).

Even when considering the video evidence under the *Dost* factors, the Court finds that a reasonable jury could find that the videos at issue meet at least two of the *Dost* factors listed above – specifically, factors two and six. First, a reasonable jury could conclude that "'the setting of the [videos] is sexually suggestive, that is, in a place or pose generally associated with sexual activity.'" *United States v. Lohse*, 993 F. Supp. 2d 947, 953 (N.D. Iowa 2014) (quotation omitted). While Defendant argues that the minor, lying on a bed asleep, under blankets, "does not comport

5

with the normal . . . meaning of a bed as a sexually suggestive place," Dkt. No. 31-1 at 4, "[b]eds and mattresses are often associated with sexual activity" and "the setting of a bed, by itself, is some evidence of lasciviousness. . . . " *United States v. Villard*, 885 F.2d 117, 124 (3d Cir. 1989); *see also United States v. Steen*, 634 F.3d 822, 827 (5th Cir. 2011) ("Traditional settings that meet this standard are beds or bedrooms"); *United States v. Franz*, 772 F.3d 134, 157 (3d Cir. 2014) ("[T]he image depicts a child in a bedroom, sitting on a bed, thus placing the image in a sexually suggestive setting").

The final *Dost* factor asks "whether visual depiction is intended or designed to elicit a sexual response in the viewer." *Dost*, 636 F. Supp. at 832. "Numerous circuits have 'concluded that depictions of otherwise innocent conduct may in fact constitute a "lascivious exhibition of the genitals or pubic area" of a minor based on the actions of the individual creating the depiction.'" *United States v. Hillie*, 289 F. Supp. 3d 188, 200 (D.D.C. 2018) (quoting *United States v. Holmes*, 814 F.3d 1246, 1251–52 (11th Cir. 2016)); *see also, e.g.*, *United States v. Johnson*, 639 F.3d 433, 440 (8th Cir. 2011) ("The fact that the young women in the videos were not acting in an obviously sexual manner . . . does not necessarily indicate that the videos themselves were not or were not intended to be lascivious. . . .  Thus, even images of children acting innocently can be considered lascivious if they are intended to be sexual"). "An inference of lasciviousness based on the videographer's intent is particularly appropriate where the images are captured in secret and without the victim's knowledge, because in such cases — especially situations involving minors — it is less likely that the victim will be engaging in what is traditionally considered sexually explicit conduct." *Hillie*, 289 F. Supp. 3d at 200 (citing *United States v. Helton*, 302 Fed. Appx. 842, 844, 849 (10th Cir. 2008) (holding that a secretly-recorded videotape depicting a minor wearing underpants in a bathroom constituted "a lascivious exhibition of the genitals" because the

6

court's sole "task is simply to determine whether [the defendant] intended the videotape he produced to elicit a sexual response in the viewer"); *Holmes*, 814 F.3d at 1252 ("The Eighth, Ninth, and Tenth Circuits have each confronted this same question[, and, i]n considering whether an image constitutes a lascivious exhibition, those courts have looked to the intent of the producer or editor of an image")).

This Court notes that, "'whether a video is, objectively, a "lascivious exhibition" depends on the content of the video itself and not on the sexual predilection of its creator. It follows that the jury may not find a film to be a "lascivious exhibition" – and therefore sexually explicit – based *solely* on the defendant's intent in creating the video.'" *United States v. Schohn*, No. 19-CR-139, 2020 WL 888923, *5 (W.D.N.Y. Jan. 2, 2020) (quoting *United States v. Spoor*, 904 F.3d 141, 150–51 (2d Cir. 2018) (emphasis in original)). "Nevertheless, 'the subjective intent of the photographer can be relevant to whether a video or photograph is child pornography. . . . [T]he child pornography laws are directed at preventing the psychological, emotional, and mental harm to a child of being used as a sexual object, to gratify the lust of another – either the viewer or the photographer.'" *Id.* at *6 (quoting *Spoor*, 904 F.3d at 151).

"The need to account for the intent of the person who creates the image is clear; '[t]o find otherwise would ignore the obvious exploitative nature of the depiction and require the child to exhibit lust, wantonness, sexual coyness[,] or other inappropriate precocity[,]' which 'would pervert both the language and the logic of the legislation and the case law.'" *Hillie*, 289 F. Supp. 3d at 200-01 (quoting *United States v. Wolf*, 890 F.2d 241, 246 (10th Cir. 1989)) (other citation omitted); *see also United States v. Horn*, 187 F.3d 781, 790 (8th Cir. 1999) ("The 'lascivious exhibition' is not the work of the child, whose innocence is not in question, but of the producer or editor of the video"); *Wiegand*, 812 F.2d at 1244 ("[L]asciviousness is not a characteristic of the

child photographed but of the exhibition which the photographer sets up for an audience that consists of himself or like-minded pedophiles"). "Stated simply, to use a minor in a sexually-exploitative manner in violation of 18 U.S.C. § 2251, a defendant 'need not portray the victimized child as a temptress.'" *Hillie*, 289 F. Supp. 3d at 201 (quoting *Wolf*, 890 F.2d at 245).

Furthermore, some courts have determined that "the question of lasciviousness is not decided by a bright-line test. Instead, the fact finder must make a totality-of-the-circumstances inquiry that can only be informed through the context of a trial." *Goodale*, 831 F. Supp. 2d at 809–10. "This totality-of-the-circumstances inquiry can ask whether the minor is portrayed as a sexual object." *United States v. Osuba*, No. 18-CR-344, Dkt. No. 33 at *9 (N.D.N.Y. July 19, 2019) (McAvoy, J.) ("*Osuba*") (citing *Goodale*, 831 F. Supp. 2d at 809–10) (explaining that the jury was instructed to consider the six enumerated *Dost* factors, as well as an additional factor of "whether the picture portrays the minor as a sexual object"). Similar to the defendant in *Osuba*, here, "the government could establish that V-1 was portrayed as a sexual object in the defendant's video of him masturbating." *Id.* Therefore, while it is relevant that V-1 was asleep, under a comforter, and unaware of Defendant, these facts do not prevent the videos at issue from being "lascivious" for a number of reasons.

First, as articulated by the Eighth Circuit in *United States v. Lohse*, "*Dost* involved the allegedly lascivious exhibition of children's genitals, but 'sexually explicit conduct' includes the lascivious exhibition of the genitals 'of any person.' 18 U.S.C. § 2256(2)(A)(v). Because this case involved the exhibition of the adult defendant's genitals, many of the *Dost* factors simply do not apply." *United States v. Lohse*, 797 F.3d 515, 520 (8th Cir. 2015) (collecting cases). Indeed, "sexually explicit conduct" is defined as including the "lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. § 2256(2)(A)(v). Courts in this District have held that

8

"[u]nder a plain reading of § 2256(2)(A)(v), it [is] not necessary that the displayed genitalia be that of the child. Here, the defendant's displaying of his genitals while he masturbated is sufficient evidence supporting this element of the charge." *Osuba*, No. 18-cr-344, Dkt. No. 33 at *8. There is no requirement that the videos exhibit V-1's genitals, as well.

Second, "the fourth *Dost* factor allows the jury to consider 'whether the child is fully or partially clothed, or nude.' The fact that this is but one of many factors suggests that the degree to which a child is clothed is not dispositive of whether a photograph depicting that child constitutes a 'lascivious exhibition.'" *Lohse*, 993 F. Supp. 2d at 955 (quoting *Dost*, 636 F. Supp. at 832).

Finally, as discussed previously, "even photographs of children acting innocently — *e.g.*, children clothed and sleeping — can become 'lascivious' based on the conduct of the person producing the photographs." *Id.* (collecting cases). A reasonable jury could conclude that Defendant "used a child in producing [videos] that were made lascivious by [the defendant's] conduct, rather than the child's." *Id.*

Therefore, in this Court's view, the *Dost* factors and a totality-of-circumstances inquiry could permit a reasonable jury to conclude that Defendant created visual depictions that would satisfy the child pornography statute at issue.

**B.     Whether The Minor Was "Used" to Engage in Sexually Explicit Conduct**

Defendant contends that the minor, V-1, was not used to engage in sexually explicit conduct because he/she "was not touched, manipulated, posed, or involved." Dkt. No. 31-1 at 6. Defendant claims that because the minor was asleep, not touched, manipulated, or positioned, and Defendant stood away from the minor, that this behavior "lacks any serious other involvement," and "amounts to no more than adult nudity with a child in the background." *Id.* at 7.

9

The Second Circuit has held that "'a defendant can be found to have "used" a minor to produce child pornography if the minor serves as the subject of the illicit photographs taken by the defendant.'" *United States v. Broxmeyer*, 616 F.3d 120, 126 (2d Cir. 2010) (emphasis omitted) (quoting *United States v. Sirois*, 87 F.3d 34, 43 (2d Cir. 1996)). While Defendant contends that V-1 was effectively uninvolved because he/she was asleep and Defendant stood away from the minor, courts have rejected this argument in cases factually similar to the video evidence before this Court. For example, in *United States v. Lohse*, the Eighth Circuit rejected a defendant's argument that the government failed to prove that an alleged victim was "use[d] to engage in" sexually explicit conduct under § 2251(a) because "a jury might find that [the alleged victim's] role in the [ ] photographs was that of an inanimate body for [the defendant] to act upon in exhibiting his genitals" and that "a reasonable jury could conclude that [the defendant] quite literally used [the alleged victim] as a sexual object in orchestrating the [ ] photographs." *Lohse*, 797 F.3d at 521 (internal quotations omitted). Furthermore, in *United States v. Finley*, the Third Circuit highlighted that "[i]t would be absurd to suppose that Congress intended the statute to protect children actively involved in sexually explicit conduct, but not protect children who are passively involved in sexually explicit conduct while sleeping, when they are considerably more vulnerable." *United States v. Finley*, 725 F.3d 483, 495 (3d Cir. 2013); *see also United States v. Levy*, 594 F. Supp. 2d 427, 443 (S.D.N.Y. 2009) ("As a matter both of common sense and public policy, the statute must be construed to protect all children, including those who are unaware of what they are doing or what they are being subjected to, whether because they are sleeping or under the influence of drugs or alcohol or simply because of their age").

As has been held previously in this District, "the absence of physical contact between [a defendant and an alleged victim] in the video does not separate this case from the primary holding

of *Lohse*. On the basis of the video, a Section 2251(a) 'use' violation can be established even though [the alleged victim] was unaware of, and did not actively participate in, [the defendant's] alleged sexually explicit conduct." *Osuba*, No. 18-cr-344, Dkt. No. 33 at *11 (internal citation omitted). Based on the foregoing, the Court finds that it is possible that a reasonable jury could conclude that Defendant used V-1's presence on the bed to produce visual depictions that were sexually suggestive and were designed to elicit a sexual response in the viewer. This satisfies the broad interpretation of the term "use" in Section 2251(a). *See, e.g.*, *United States v. Wright*, 774 F.3d 1085, 1089 (6th Cir. 2014) (affirming lower court's ruling when "[t]he district court agreed with the Second, Fourth, and Eighth Circuits, that the 'use' element is satisfied if a minor is photographed in order to create pornography"). Thus, Defendant's motion to dismiss Count 1 of the indictment is denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Defendant's motion to dismiss Count 1 of the Indictment is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: May 27, 2020
      Albany, New York

_Mae A. D'Agostino_
U.S. District Judge