UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNITED STATES OF AMERICA

v.

MICHAEL GEOFFROY,
     Defendant

Crim. No. 20-mj-3223-KAR

---

## SUPPLEMENTAL INFORMATION IN OPPOSITION TO GOVERNMENT'S MOTION FOR DETENTION

Defendant Michael Geoffroy provides this Court with the following supplemental information relevant to the Government's request to detain Mr. Geoffroy until the resolution of his case:

1) At the detention hearing conducted on December 21, 2020, this Court inquired about the view of the alleged victim's guardian, Robbin Geoffroy (the defendant's wife), regarding both Mr. Geoffroy's release and his ability to contact Mrs. Geoffroy.

2) The Government represented that DCF has custody of the alleged victim and does not wish Mr. Geoffroy to have contact with Robbin Geoffroy.

3) Undersigned counsel has now communicated by phone directly with Robbin Geoffroy. Mrs. Geoffroy confirmed that DCF has custody of the alleged victim, though she was the child's custodian prior to Mr. Geoffroy's arrest.

4) Mrs. Geoffroy further stated that she does wish to be able to communicate with her husband. In her words, "he is still my husband," and she feels like she "is being punished" by not being permitted to even speak to her husband. She further stated that she would not permit him to have contact with their children or any other children and that if DCF threatened to remove her children from her custody if she spoke with her husband, she would refrain from doing so, even though she wants to be able to talk to him.

5) Mrs. Geoffroy also stated that she does not want her husband to remain in jail during the pendency of this case. What she wants is for him to get treatment for whatever issues he has.

6) Mr. Geoffroy would be able to access treatment if he were released, but not if he were detained.

This supplemental information is directly responsive to the Court's inquiry at the detention hearing. It supports the other information presented previously – including that Mr. Geoffroy has virtually no prior criminal history, has strong ties to this and no other community, and has a stable, safe home with supportive family (his father and step-mother) in which to live during the pendency of this case – that more than rebut the presumption for detention. Indeed, the only factor the Government pointed to in support of its request is the seriousness and nature of the crime charged. If that alone were enough, detention would be automatic for the instant offenses. Instead, the Government must show that there are no conditions of release that can both ensure Mr. Geoffroy's return to court and protect the community. As the Probation Department appropriately recognized, the conditions it proposed can accomplish both of those objectives. Therefore, this Court should order Mr. Geoffroy's release.

Undersigned counsel swears under the pains and penalties of perjury that the information contained herein is true to the best of his knowledge, information, and belief.

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 22, 2020.

/s/Paul Rudof

Respectfully Submitted,
Michael Geoffroy, DEFENDANT,
By his attorney,

/s/Paul Rudof
Paul Rudof, BBO#643765
31 Trumbull Rd. Suite B
Northampton, MA 01060
paulrudof@elkinslawllc.com
(413) 341-2131