UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 20-mj-3223-KAR |
| MICHAEL GEOFFROY,<br>        Defendant | |

**MOTION FOR CLARIFICATION AND
TO RECONSIDER PRETRIAL DETENTION ORDER**

Defendant Michael Geoffroy moves this Court to clarify whether or not he may have contact with his wife, Robbin Geoffroy, by explicitly permitting such contact. He further moves that this Court reconsider and reverse its order of detention.

I.      No-Contact Order

At the detention hearing conducted on December 21, 2020, this Court took under advisement the decision of whether to detain or release Mr. Geoffroy pending resolution of this case. When the Court inquired of the Government as to conditions it would request if the Court released Mr. Geoffroy, the Government requested an order that Mr. Geoffroy have no contact with his wife, Robbin Geoffroy, with whom the alleged victim resided at the time of the offense. Subsequently, this Court issued an order of detention. That order did not state whether Mr. Geoffroy was or was not permitted to communicate with his wife.

As indicated in a document filed with this Court, entitled "Supplemental Information in Opposition to Government's Motion for Detention," Robbin Geoffroy has expressed her desire to communicate with her husband. In her words, despite the charges against Mr. Geoffroy, "he is

1

still my husband," and she feels that precluding any communication between the two of them serves to punish her. Mr. Geoffroy also wishes to communicate with his wife. Indeed, communication with family members, especially his wife, while being detained for the first time in his life is critical for his mental health. Further, the alleged victim no longer resides with Mrs. Geoffroy, and both Mr. and Mrs. Geoffroy fully understand that he would not have any contact or communication with their children who do reside there. Thus, Mr. Geoffroy requests that this Court clarify that he is permitted to have contact with his wife.

II.    <u>Detention Order</u>

This Court should reconsider and reverse its detention order, because the Court did not properly apply the governing legal standards in numerous ways, and a proper analysis weighs in favor of Mr. Geoffroy's release. First, it is unclear from the order whether this Court found that Mr. Geoffroy failed to adduce sufficient evidence to rebut the presumption of detention that arises under 18 U.S.C. § 3142(e)(3)(E). On the one hand, the Court checked a box in the pre-printed section of the order that states, "The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis." On the other hand, immediately following that sentence on the pre-printed form, it states that "Part III" – the section analyzing whether the Government has met its burden on the issue of detention – "need not be completed" if the defendant failed to satisfy his burden of production to overcome the presumption, yet the Court did proceed to analyze the matter under "Part III" and made findings as to whether or not the Government met its burden of proof. That suggests that the Court did find that Mr. Geoffroy met his initial burden of production. It is therefore unclear if this Court

intended to check the box finding that Mr. Geoffroy did not even meet his burden of production to overcome the presumption of detention.

Mr. Geoffroy certainly met the burden of production required to overcome the presumption of detention. "The presumption shifts the burden of production, not the burden of persuasion." *United States v. Jessup*, 757 F.2d 378, 386 (1st Cir. 1985). To rebut the presumption, a defendant need only adduce "some evidence" that he will not flee or endanger the community if released. *Id.* at 384. This burden of production "is not a heavy one to meet." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Here, the Court received "some evidence," contained in the pretrial service report, that amply rebutted the presumption of detention. *See United States v. Diaz*, 2019 U.S. Dist. LEXIS 75989, *9-10 (May 6, 2019) (Robertson, U.S.M.J.) (relying on "the defendant's production of evidence in the form of proposed conditions and the contents of the pretrial services report, and the limited evidence adduced by the government" to conclude defendant rebutted presumption of detention). Specifically, the Court received evidence of Mr. Geoffroy's complete lack of any prior criminal history, his cooperation with law enforcement in this investigation, his lifelong ties to the Springfield area, his lack of past travel or financial means to do so, his consistent employment history, and the availability of a stable home occupied by his supportive father and mother-in-law and with no children residing therein. Additionally, the Probation Department, which recommended Mr. Geoffroy's release, outlined numerous stringent conditions, including no internet access and home confinement subject to electronic monitoring, that would mitigate against any risk of flight or offending if released. *See United States v. O'Brien*, 895 F.2d 810 (1st Cir. 1990) (recognizing availability of electronic bracelet is factor weighing against presumption

of detention). Thus, the Court received more than "some evidence" required to meet Mr. Geoffroy's burden of production.

In finding that the Government proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any person or the community[1], this Court overemphasized the offense itself. In the Court's analysis, it properly recognized multiple "factors that weigh in favor of pretrial release." Nonetheless, this Court rested its detention order solely on "the nature and circumstances of the charged offenses," finding the specific allegations at issue "unusually disturbing." As the Ninth Circuit explained in *United States v. Motamedi*, undue reliance on the charge and supporting evidence creates the risk that the Court "impermissibly makes a preliminary determination of guilt"; therefore, the weight of the evidence should be deemed "the least important of the various factors." 767 F.2d 1403, 1408 (9th Cir. 1985).  Here, the Court unduly elevated the allegations above all other factors that weighed against detention.

Additionally, the Court's decision embraced a speculative risk that Mr. Geoffroy will offend if released. The Court rejected the Probation Department's view that conditions such as home confinement with electronic monitoring and precluding Mr. Geoffroy from using the internet were adequate to protect the community. Instead, the Court stated, "there is no way to be reasonably sure that Defendant will not gain access to internet and view child pornography." This statement would be true in any case in which a defendant was alleged to utilize the internet to commit crimes, and surely detention is not required, or even favored, in all such cases. Similarly, the Court's expressed fear that Mr. Geoffroy, while living in a home with no children

---

[1] The Court correctly found that the Government failed to meet its burden of proving that no condition or combination of conditions of release will reasonably assure Mr. Geoffroy's appearance as required; it relied exclusively on the safety rationale for its detention decision.

and subject to electronic monitoring, would somehow gain access to a child to commit offenses against that child is entirely speculative and not supported by "clear and convincing evidence."

Finally, the Court's concern about the "safety of the alleged victim" is also overstated. That child is now in DCF custody, in a location unknown to Mr. Geoffroy. There is simply no reason to believe, let alone evidence proving by clear and convincing evidence, that Mr. Geoffroy would have any ability to harm that child. And that DCF objects to his release, another factor on which this Court relied, is hardly surprising, and likely the position it would take in any case of this type. But their view of his release should be afforded little to no weight, as DCF's opinion hardly constitutes evidence, let alone evidence that proves a danger clearly and convincingly.

As the Supreme Court stated in *United States v. Salerno*, "In our society liberty is the norm, and detention prior to trial . . . is the carefully limited exception." 481 U.S. 739, 755 (1987). *See also United States v. Gero*, 948 F.2d 1118, 1121 (9th Cir. 1991) (noting that under Bail Reform Act, "[o]nly in rare circumstances should release be denied, and doubts regarding the propriety of release should be resolved in the defendant's favor"). Despite the serious nature of the charges and allegations against Mr. Geoffroy, numerous relevant factors, including the availability of restrictive release conditions, suggest that this is not a case in which this "carefully limited exception" of depriving a man who is still presumed innocent of his liberty is warranted. Therefore, this Court should reconsider and vacate its order of detention.

5

Respectfully Submitted,
Michael Geoffroy, DEFENDANT,
By his attorney,

/s/*Paul Rudof*
Paul Rudof, BBO#643765
31 Trumbull Rd. Suite B
Northampton, MA 01060
paulrudof@elkinslawllc.com
(413) 341-2131

---

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 5, 2021.

/s/*Paul Rudof*

---